UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4195

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSEPH TERRELL BRISCOE, a/k/a Dreads,

Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:07-cr-00065-JPB-DJJ-1)

Submitted:  December 15, 2008          Decided:  January 20, 2009

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Kirk H. Bottner, Charles Town, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Terrell Briscoe pled guilty pursuant to a written plea agreement to distribution of cocaine base ("crack"), and he was sentenced to 168 months of imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising the following issues: (1) whether Briscoe was erroneously sentenced as a career offender because two of his three antecedent felonies were actually misdemeanors under Maryland law; (2) whether Briscoe's sentence as a career offender violated his (a) Fifth Amendment right against double jeopardy, and (b) his Eighth Amendment right against cruel and unusual punishment; and (3) whether the district court erred by failing to grant a reduction in Briscoe's sentence, based on Amendment 706 to the Sentencing Guidelines, which would have reduced his base offense level under U.S. Sentencing Guidelines Manual § 2D1.1(c) (2007). Despite notice, Briscoe has not filed a pro se supplemental brief. For the reasons that follow, we dismiss in part and affirm in part.

There is a pending motion by the Government to dismiss the appeal. We grant the motion in part, noting that the record reveals that Briscoe knowingly and voluntarily waived his right to appeal his sentence in his plea agreement and that this

2

waiver was specifically reviewed by the magistrate judge at Briscoe's plea hearing in compliance with Fed. R. Crim. P. 11. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Moreover, we find no exceptions to the waiver rule as the sentence imposed was not in excess of the statutory maximum, and there is no challenge to the validity of the guilty plea, United States v. General, 278 F.3d 389, 399-400 (4th Cir. 2002); there is no evidence that the sentence was based on a constitutionally impermissible factor, Marin, 961 F.2d at 496; and there is no indication that the proceedings were conducted in violation of the Sixth Amendment right to counsel. United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994). Accordingly, we dismiss the appeal of Briscoe's sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Briscoe's conviction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

4